ROGER L. WHITESEL AND JOAN H. WHITESEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitesel v. Commissioner
Docket No. 12484-81.
United States Tax Court
T.C. Memo 1983-9; 1983 Tax Ct. Memo LEXIS 781; 45 T.C.M. (CCH) 474; T.C.M. (RIA) 83009; January 5, 1983. Roger L. Whitesel, for the petitioners. Genevieve K. Murtaugh, for the respondent. KORNER
*783 MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined the following deficiencies in income tax and additions to tax against the petitioners: Deficiency in Income
Additions to
Taxable Year Ending
Tax and Self-Employment
Tax Under
December 31
Tax
Section 6653(a) [1]
1977
$439.64
$21.98
1978
1,303.99
65.20
1979
2,272.67
113.63
The issues presented for our decision are: 1. Whether the assessment of any tax or additions to tax against the petitioners for the year 1977 is barred by the applicable statute of limitations, as pleaded by petitioners; 2. whether the income of an organization designated as the "Joan H. Whitesel Family Estate (A Trust)" is properly taxable to petitioners on any one or more of the following grounds: (a) that the income earned from personal services may not properly be assigned to the trust organization, under the principles of ; *784 (b) that the formation and operation of said trust organization was a sham transaction, lacking any economic reality, and should be ignored for Federal tax purposes; (c) that the income of said trust organization is taxable to petitioners under the "grantor trust rules" of sections 671 through 678; 3. whether certain alleged expenses incurred by the trust organization in earning its income were properly allowable to petitioners and deductible by them; [2]
4. whether petitioners are liable for self-employment tax with respect to that portion of the trust organization's income which was shown as derived from carrying on a business by the trust organization; 5. whether petitioners are entitled to any investment tax credit pursuant to section 38 for the years 1977 and 1978; 6. whether petitioners *785 are liable for additions to tax under section 6653(a) for all three years here in issue. Some of the facts have been stipulated, and such stipulation, together with the attached exhibits, are incorporated herein by this reference. At the time of filing their petition herein, petitioners were residents of Middletown, Ohio. Petitioners' joint Federal income tax return for the year 1977 was filed on April 17, 1978 with the District Director of Internal Revenue at Cincinnati, Ohio. Petitioners' joint returns for the years 1978 and 1979 were filed with the Internal Revenue Service at Covington, Kentucky. Fiduciary income tax returns on Form 1041 for the trust were filed for years 1977, 1978 and 1979 with the Internal Revenue Service Center at Covington, Kentucky. Respondent's statutory notice of deficiency herein was issued on March 27, 1981. By written instrument entitled "Declaration of Trust of This Pure Trust," and under date of November 13, 1974, petitioner Joan H. Whitesel (hereinafter "Joan") purported to establish the "Joan H. Whitesel Family Estate (A Trust)" (hereinafter "the trust"). The record herein establishes the following material facts with respect to the *786 organization and operations of the trust: 1. Petitioner Roger L. Whitesel (hereinafter "Roger") and one Bert O. Ferris were designated in the trust instrument as the original trustees. Roger accepted his appointment as a trustee in the trust instrument by acknowledgement before a notary public, but it does not appear that Mr. Ferris did so. During the years 1977, 1978 and 1979 Roger was "executive trustee" of the trust, and was in charge of the regular day-to-day management of the trust. The record does not establish that anyone else was a trustee in this period, although the fiduciary tax returns which were filed for the trust for 1977 and 1979, together with a power of attorney with respect to the 1977 return, were executed by Joan as "trustee." [3]
2. Joan, in her capacity as grantor, purported to assign all her services and income therefrom to the trust, for her life. 3. Under the trust instrument, the trustees were to have *787 full powers with respect to all trust property, to the same extent as an individual owner of said property, subject only to the obligation to conduct themselves for the best interest of the trust. Any trustees' minutes granting specific powers to the trustees were to be evidence that such powers were properly granted. The trustees were given unlimited discretion, during the term of the trust, to distribute capital and income in any manner and to any persons whom they chose. Upon dissolution, the assets of the trust were to be distributed to the beneficiaries, not otherwise identified except as those then holding transferable certificates of beneficial interest in the trust. During 1977, 1978 and 1979, petitioners were owners of such certificates. Neither the trustees, the officers of the trust nor beneficial certificate holders were given any beneficial interest in the trust assets. 4. The term of the trust was stated to be 25 years, with the right of the trustees to continue the trust for an additional similar or shorter period. The trustees, however, could terminate the trust at any time and make distribution to the beneficial certificate holders. The trust res was not *788 identified in the trust instrument, nor does the record herein show what property, if any, was owned by the trust in the years in issue, nor the provenance of any property as to which income was reported in the trust fiduciary returns. The trust fiduciary returns do not disclose the person or persons who performed the services which generated the "business income" which was reported by the trust in its fiduciary returns for the years in issue. Upon examination of the trust fiduciary returns and petitioners' individual returns for the years 1977 through 1979, respondent determined that the gross business income of the trust, as well as the dividend income, reported by it for all three years, and the capital gains reported by the trust for 1978, were taxable to petitioners on any one or more of the following three grounds: A. That petitioners had improperly assigned to the trust income from personal services performed by themselves; B. that the trust was without economic significance but was created in a sham transaction that should not be recognized for Federal income tax purposes; and/or C. that the powers which petitioners or either of them had under the trust instrument *789 were such as to require that the trust income be taxed them under the provisions of section 671 of the Code. Respondent further determined that petitioners were liable for self-employment tax under section 1401 with respect to the gross business income reported by the trust. Respondent further denied claimed investment tax credits under section 38 for the years 1977 and 1978, and asserted additions to tax under section 6653(a) for all years. Addressing the issues in this case in the order stated above: Issue 1.
The record shows that petitioners' joint return for the year 1977 was filed on April 17, 1978, and that respondent's statutory notice was issued on March 27, 1981. Such issuance was within the three year statute of limitations provided by section 6501(a), and was therefore timely. Issue 2.
Respondent's determination that the trust income was taxable to petitioners was based upon three alternative and somewhat overlapping grounds, as we have set forth. The statutory notice of deficiency is presumed to be correct, even though it is stated on alternative theories, , and petitioners have the burden *790 of proof to show that respondent's determinations are in error, both with respect to this issue and with respect to the other issues raised herein. ; Rule 142(a). With respect to the present issue, petitioners failed to carry their burden of proof to show that respondent was in error under any one of his three theories. [4]
a. Petitioners made no showing in this record that the trust actually carried on the trade or business whose income it reported. Roger introduced in evidence a document, dated in 1976, purporting to be a contract between himself and the trust, and providing that he would "contract his construction skills" to the trust. It is unclear from this document *791 whether Roger was to serve as an employee or as an independent contractor under this agreement and we cannot tell whether in fact he performed any services thereunder. There is nothing in the record to show that services were performed for the trust by anyone other than one or both petitioners. b. Pertinent provisions of the trust instrument herein appear to be the same as the trust instrument which was involved in , which we found to be nothing more than a sham because, inter alia, the taxpayer/grantors had total control over the assets and operations of the trust, no one other than themselves had any economic interest in the trust, and no valid reason was shown to exist for the trust other than the desire to avoid individual income taxes. There is nothing in this record to lead us to the conclusion that respondent erred here in arriving at the same conclusion as he (and this Court) did in See also , aff'd . c.The trust instrument in this case also appears to *792 be identical in its operative provisions to the trust instruments which we considered in , appeal dismissed 10th Cir. 1980, and , where we held that the trust powers retained or granted by the taxpayers to themselves rendered the trust income taxable to them under the "grantor trust" provisions of the Code (section 671-678). In the instant case, none of the trustees' minutes or trust records were put in evidence, nor anything else that would show that petitioners had anything other than unlimited power over trust corpus and income, including the right to distribute the same to themselves, nor that anyone other than they had any economic interest in the trust. The instant record establishes only that Roger was the "executive trustee" of the trust in the years in question, although there are exhibits in evidence suggesting that Joan purported also to act as a trustee during the period. Given petitioners' failure of proof in showing that there were any independent trustees, or any parties with an interest (adverse or otherwise) in the trust, other than themselves, *793 see section 672, we are unable to hold that petitioners have shown any error in respondent's determination that the trust income herein was properly taxable to them. Sections 674, 675, 677, 678. Compare , affirming a Memorandum Opinion of this Court; ;
Issues 3-6.
As to all the remaining issues raised by the petition herein, as listed above, there is a complete absence of any evidence in this record through which we could hold that respondent committed any error in his determinations. Roger was petitioners' only witness and his testimony was both brief and devoid of any content with respect to these issues, nor were any exhibits introduced which were material. [5]
*794 Since we hold that petitioners have failed to sustain their burden of proof upon any issue presented herein, Decision will be entered for the respondent.for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. This issue was not raised in the statutory notice of deficiency, nor in petitioners' pleadings. At trial, however, the parties agreed that the deductibility of these expenses was fairly in issue between them, and could be considered by the Court.Pursuant to Rule 41(b), therefore, this issue will be considered as though it had been affirmatively pleaded in the petition herein.↩
3. By affidavit attached to their memorandum brief herein, petitioners attempted to show that another person was also a trustee in the 1977-1979 period. Statements on brief and ex parte affidavits are not evidence in this Court. Rule 143(b).↩
4. We assume, without deciding, that the trust is valid under applicable state law, as petitioners have represented. Such validity, however, even if true, is not dispositive of the questions presented. State law may determine property rights and the ownership of income, but Federal law will determine how and to whom such income is taxed. ; .↩
5. At trial, Roger introduced in evidence a document which he claimed constituted an acceptance by respondent of his 1977 return as being correct. Upon this belief, Roger claims, he filed his 1978 and 1979 returns in the same fashion, and was therefore not negligent nor liable for section 6653(a) additions to tax. Inspection of the document reveals that it was nothing more than a "Notice of Action" by the United States Parole Commission of the Department of Justice, granting Roger a release from prison on parole, conditioned upon Roger filing his income tax return for 1977, which Roger did. There is no indication of acceptance of this return as correct↩ by the Department of Justice, respondent or anyone else, upon which Roger could rely.